# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

       Plaintiff,                :        Case No. 3:03-cr-080

                                              District Judge Thomas M. Rose
       -vs-                                Chief Magistrate Judge Michael R. Merz

                                        :

STEVEN A. CANTRELL,

       Defendant.

## REPORT AND RECOMMENDATIONS

This case is before the Court on Defendant's Motion to Vacate his conviction pursuant to 28 U.S.C. §2255 ((Doc. No. 40). The United States has filed a Response (Doc. No. 42) and Defendant has filed a Traverse (Doc. No. 48).

Defendant pleads three grounds for relief:

> **Ground One:** Ineffective Assistance of Counsel
>
> **Supporting Facts:** I told Ms. Bennett I would plead to Count I before the plea was offered. She was faced with a plea charging only Count I. She contacted the Government and told them I fall under enhanced guidelines and they have their calculations wrong. She didn't even consult with me before doing so.
>
> **Ground Two:** I was given career offender enhancement without notice under 21 U.S.C. § 851 which in turn triggers significantly increased sentences in certain drug cases. Violation of the Fifth Amendment Due Process [Clause].
>
> **Supporting Facts:** I was given a career offender enhancement sentence which put me in C.H.C. [criminal history category] VI, base offense level 32. Without the enhancement C.H.C. IV base offense level 24.

>    **Ground Three:** Enhancement for Relevant Conduct. Violation of Sixth Amendment.
>
>    **Supporting Facts:** I was given an enhancement for having a gun in close proximity of drugs. The P.S.I. reporter suggested they were related.

(Motion, Doc. No. 40, at 5-8.)

Defendant was arrested by the Trotwood Police passed out in his car in possession of crack cocaine, marijuana, heroin, and a firearm. He was indicted by the federal grand jury for being a felon in possession of a firearm (Count 1), possession with intent to distribute heroin, crack cocaine, and marijuana (Counts 2, 3, and 4), and possessing a firearm in connection with a drug offense (Count 5). He eventually pled guilty to Counts 1 and 3 and was sentenced to 120 months on Count 1 and 170 months on Count 3. He took no direct appeal, but eventually filed the instant Motion within ten days of expiration of the statute of limitations for a §2255 Motion.

In his First Ground for Relief, Defendant claims his counsel was ineffective for failure to discuss with him and then accept a plea agreement under which he would have pled guilty to Count 1 alone. The response of the United States makes it clear that no such plea agreement was ever offered and to have done so would have been a direct violation of national policy as articulated by clear instructions from the Attorney General of the United States.

Defendant claims the plea was mentioned in the hearing the Court held on January 15, 2004, on his motion for a change of counsel. The Court has reviewed the transcript of that proceeding (Doc. No. 50) and finds that it completely supports the Government's position. Apparently Assistant United States Attorney Horne, to whom this case was assigned, had done a preliminary guideline calculation on Count 1 which he had shared with Ms. Bennett, Defendant's counsel. It was not a plea offer and Mr. Horne advised the Court and Mr. Cantrell that he had no authority to make a plea offer of any kind, much less a plea to Count 1 only. If he had made such an offer and had been

authorized to do so, then it would have been ineffective assistance of counsel to fail to discuss it with the Defendant, but that simply is not what happened, as was thoroughly explained before Judge Rose in the hearing.

In arguing this Ground for Relief in his Traverse, attempts to add other allegations of ineffective assistance of counsel, such as failure to interview Defendant's drug counselors, former probation officer, parole officer, family members, and friends as potential witnesses for trial (Traverse, Doc. No. 48, at 3). These allegations are not properly before the Court because they were not made in the original Motion and the Motion cannot now be amended to add them because the one-year statute of limitations has since expired. . *Mayle v. Felix*, ___ U.S. ___, 125 S. Ct. 2262 (2005). Even if the Court were permitted to consider these claims on the merits, Defendant has not shown that they are meritorious because he has provided no proof of what any of these witnesses would have said which could have prevented conviction, given that Defendant was arrested in possession of distribution amounts of three controlled substances and a firearm. Defendant cannot show prejudice from the failure to obtain witnesses without making some showing that the witnesses would have provided admissible, probative evidence.

In his Second Ground for Relief, Defendant alleges his sentence was enhanced without the filing of an information under 21 U.S.C. §851. Defendant is correct that no such information was filed in the case, but neither was his sentence enhanced on the basis of proof that his conviction under that part of the Controlled Substances Act was a second or subsequent offense, which is the sole purpose of § 851. As the Government's Response points out and as is consistent with the Presentence Investigation Report, Defendant's sentence was enhanced because he qualified as a career offender based on his prior state convictions. As the Government also notes, the career offender classification was a matter which could have been raised on direct appeal and was not; it is therefore procedurally defaulted. *United States v. Frady*, 456 U.S. 152 (1982).

In his Third Ground for Relief, Defendant claims that he was sentenced for related conduct which had not been proved to a jury or found beyond a reasonable doubt. Defendant relies directly on *United States v. Booker*, ___ U.S. ___, 125 S. Ct. 738; 160 L. Ed. 2d 621 (2005), which extends the *Apprendi-Blakely* line of decisions.

The Government points out that this Ground for Relief is without merit for a number of reasons. First of all, Defendant's sentence was not actually enhanced on the basis of the weapon, but rather because of his career offender status. Secondly, at least so far the Supreme Court has declined to extend the Apprendi ruling to proof of prior convictions, keeping in place the decision in *Almendarez-Torres v. United States,* 523 U.S. 224 (1998), that excepts proof of prior convictions. Third, the Sixth Circuit has held in *Humphress v. United States*, 398 F. 3d 855 (6th Cir. 2005), that *Booker* does not apply to cases pending on collateral review. The Court agrees that this Ground for Relief is without merit for all the reasons cited by the United States.

**Conclusion**

Defendant's Motion to Vacate should be denied on the merits. Because the conclusions herein would not be debatable among reasonable jurists, he should be denied any requested certificate of appealability and leave to appeal *in forma pauperis*.

August 27, 2005.

s/ **Michael R. Merz**
Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).

H:\DOCS\Cantrell 2255 05.wpd